UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAYTON E. BUTSCH,<br><br>                    Petitioner,<br><br>          v.<br><br>RON FRAKER,<br><br>                    Defendant. | CASE NO. C12-0064JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 39)), and Petitioner's objections thereto (Objections (Dkt. # 40)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 39) and DISMISSES Petitioner's petition for writ of *habeas corpus* with prejudice.

//

ORDER- 1

## II.  STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the court need not review de novo the report and recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Because Petitioner is proceeding *pro se*, this court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III.  DISCUSSION

The Petitioner objects to the Report and Recommendation in its entirety and asserts that the Magistrate Judge is wrong on each of the Petitioner's twelve grounds for relief.

None of Petitioner's objections raises new issues that were not addressed by Magistrate Judge Theiler's Report and Recommendation. The court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in

light of that record. Petitioner essentially reargues the arguments he made to Magistrate Judge Theiler, and the court independently rejects them for the same reasons.

### IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 39) in its entirety;

(2) The court DENIES Petitioner's *habeas corpus* petition and this action is DISMISSED with prejudice;

(3) The court DIRECTS the Clerk to send copies of this Order to Petitioner, to counsel for respondent, and to Magistrate Judge Theiler;

(4) When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court finds that reasonable jurists could

//

//

not debate whether the petition should have been resolved differently and therefore DENIES the certificate of appealability.

Dated this 1st day of April, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4